COPIES SENT

UNITED STATES DISTRICT COURT   10/23/02  PRM
NORTHERN DISTRICT OF NEW YORK ――――――――――
Date                     By

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
DEC 23 2002
AT_____O'CLOCK___
Lawrence K. Baerman, Clerk - Syracuse

WENDY PAYNE, ROBERT VARNEY and SUSAN
McMAHON, et al.,

Plaintiffs,

- vs -

GEORGE A. MANGO, Individually and as Executive Director,
Director, Consolidated Industries of Greater Syracuse, Inc.;
BRIAN D. MOORE, Individually and as Chief Fiscal Officer,
Consolidated Industries of Greater Syracuse, Inc.; JOSEPH
BOMBARD, Chairman, Board of Directors, Consolidated
Industries of Greater Syracuse, Inc.; BOARD OF DIRECTORS of
Consolidated Industries of Greater Syracuse, Inc.;
CONSOLIDATED INDUSTRIES OF GREATER SYRACUSE,
INC., JOHN DOE and SUE SMITH,

Defendants.

**STIPULATION OF
DISCONTINUANCE**

**CIVIL ACTION NO.
5:02-CV-273**

     **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned, that

the Complaint in the above-captioned action be dismissed with prejudice and each party shall

bear its own costs and attorneys' fees.

Dated: _October 14_____ , 2002

Dated: _____, 2002

**D. JEFFREY GOSCH, ESQ.**
*Counsel for Settling Plaintiffs*

By: _____

**HANCOCK ESTABROOK LLP**
*Counsel for Settling Defendants, except
George Mango and Brian Moore*

By: _____
     **ALAN J. PIERCE**

R572649.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WENDY PAYNE, ROBERT VARNEY and SUSAN
McMAHON, et al.,

                                     Plaintiffs,

                - vs -

GEORGE A. MANGO, Individually and as Executive Director,
Director, Consolidated Industries of Greater Syracuse, Inc.;
BRIAN D. MOORE, Individually and as Chief Fiscal Officer,
Consolidated Industries of Greater Syracuse, Inc.; JOSEPH
BOMBARD, Chairman, Board of Directors, Consolidated
Industries of Greater Syracuse, Inc.; BOARD OF DIRECTORS of
Consolidated Industries of Greater Syracuse, Inc.;
CONSOLIDATED INDUSTRIES OF GREATER SYRACUSE,
INC., JOHN DOE and SUE SMITH,

                                  Defendants.

**STIPULATION OF
DISCONTINUANCE**

**CIVIL ACTION NO.
5:02-CV-273**

     **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned, that

the Complaint in the above-captioned action be dismissed with prejudice and each party shall

bear its own costs and attorneys' fees.

Dated: _____, 2002

Dated: December 17, 2002

**D. JEFFREY GOSCH, ESQ.**
*Counsel for Settling Plaintiffs*

By: _____

**HANCOCK ESTABROOK LLP**
*Counsel for Settling Defendants, except
 George Mango and Brian Moore*

By: _____
      **ALAN J. PIERCE**

R572649.1

- 2 -

Dated: _12/19_, 2002

**DANIEL FRENCH, ESQ.**
*Counsel for Settling Defendant,*
 *George A. Mango*

By: _____

Dated: _____, 2002

**MICHAEL J. VAVONESE, ESQ.**
*Counsel for Settling Defendant,*
 *Brian D. Moore*

By: _____

**SO ORDERED:**

_____
**HON. NORMAN A. MORDUE**
**United States District Court Judge**

R572649.1

- 2 -

Dated: _____, 2002

DANIEL FRENCH, ESQ.
Counsel for Settling Defendant,
George A. Mango

By: _____


Dated: _____, 2002

MICHAEL J. VAVONESE, ESQ.
Counsel for Settling Defendant,
Brian D. Moore

By: _____


SO ORDERED:


HON. NORMAN A. MORDUE
United States District Court Judge

Dated: _____, 2002

**DANIEL FRENCH, ESQ.**
*Counsel for Settling Defendant,*
  *George A. Mango*


By: _____


Dated: _____, 2002

**MICHAEL J. VAVONESE, ESQ.**
*Counsel for Settling Defendant,*
  *Brian D. Moore*


*By:* _____


**SO ORDERED:**

**HON. NORMAN A. MORDUE**
**United States District Court Judge**

*December 23, 2002*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WENDY PAYNE, ROBERT VARNEY and SUSAN
McMAHON, et al.,

Plaintiffs,

- vs -

GEORGE A. MANGO, Individually and as Executive
Director, Director, Consolidated Industries of Greater
Syracuse, Inc.; BRIAN D. MOORE, Individually and as
Chief Fiscal Officer, Consolidated Industries of Greater
Syracuse, Inc.; JOSEPH BOMBARD, Chairman, Board of
Directors, Consolidated Industries of Greater Syracuse, Inc.;
BOARD OF DIRECTORS of Consolidated Industries of
Greater Syracuse, Inc.; CONSOLIDATED INDUSTRIES OF
GREATER SYRACUSE, INC., JOHN DOE and SUE
SMITH,

Defendants.

CIVIL ACTION NO.
5:02-CV-273

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into for the purpose of settling

the claims of the Settling Plaintiffs in the above-captioned case now pending against the

named Defendants, and all claims that have been or could have been asserted by Settling

Plaintiffs against the Named Defendants arising from their employment or the

termination thereof with Defendant Consolidated Industries of Greater Syracuse, Inc.

("Consolidated") or their participation in any employee welfare benefit plan sponsored by

Consolidated.  This Settlement Agreement and Release is also entered into for the

purpose of settling the claims of the Judgment Creditors arising from the Judgment

R650313.2

- 2 -

entered in the office of the Clerk of Onondaga County on November 20, 2001 by the Attorney General of the State of New York against Consolidated for the failure of the Corporation to pay wages to its employees.

## RECITALS

**WHEREAS,** on or about January 25, 2002, Settling Plaintiffs commenced suit against Defendants in Supreme Court of the State of New York for the County of Onondaga alleging, *inter alia*, various causes of actions against Defendants arising from an alleged failure to pay wages and benefits to or on behalf of Settling Plaintiffs.

**WHEREAS,** on or about February 25, 2002, Defendants removed the above-captioned matter to the United States District Court for the Northern District of New York.

**WHEREAS,** on or about November 20, 2001, the Attorney General had a Judgment entered in the office of the Clerk of Onondaga County against Consolidated for the failure of Consolidated to pay wages to its employees.

**WHEREAS,** Plaintiffs have granted Defendants an extension of time to answer the Complaint in the above-captioned matter in order to allow the parties to resolve the above-captioned suit by negotiations rather than litigation.

**WHEREAS,** Defendants, if it were to answer the Complaint, would deny material allegations of the Complaint and would assert several affirmative defenses thereto.

R650313.2

**WHEREAS,** the Settling Plaintiffs, Defendants, and the Attorney General desire to settle the claims asserted by the Settling Plaintiffs in the above-captioned case, without the expense and uncertainty of further litigation, and to satisfy the Judgment entered on behalf of the Judgment Creditors.

**NOW, THEREFORE,** in consideration of the premises and mutual covenants hereinafter contained, the parties hereto enter into this Settlement Agreement and Release.

## I. DEFINITIONS

1.1.    Settling Plaintiffs are Wendy Payne, Robert Varney, Susan McMahon, James V. Abbatiello, Vonda L. Ager, Roshonda Allen, Theresa Banuski, William Banuski, Robert L. Barnello, Jr., Lisa Barnett, Debra Bojarski, Penny Borland, Kathy Ann Bristol, James Arthur Cain, Mary C. Caldwell, Ryan Canavan, Marion Chrisjohn, Susan L. Corregan (Covey), Michael Croffut, Gloria M. Cruz, Dale Cuffee, Sr., Bobbie Davis, Shirley Degouff-Brassard, Patti Donath, Racina M. Ellison, Leota K. Feketa, Eddie Felder, Roseann Ferretti, Irvin A. Figueroa, Charles E. Fortino, Jr., Ronald L. Fredette, Anthony J. Gulisano, Albert Gomes, Zanetta Greene, Tara Haley, Carmell Hart, Herman Hilleboe, David A. Hudson, Ronald Ingram, Willie B. Jackson, Kevin Jennings, Sung W. Jung, Nurul I. Khan, Alice Kilbourn, Cheryl Kolodzie, Elizabeth Kompf, Kathleen Langlois, Michelle Laplatney, Denise Levine, Amy Leader, Daniel Lewis, II, Michele Lewis, Joseph Lincoln, Donna Lisconish, Meghan Malatin, Kelly Marcus,

William D. Markle, Cheryl McArthur, Zachary McMahon, George Melton, Benjamin Mercado, William R. Morgan, Christopher Morman, Francie Munson, Rimon S. Neshawait, Jimmie Lee Page, Jeffrey Payne, Darlene A. Prucker, Johanna Reed, Scott A. Robertson, Juan Rodriquez, William J. Rowe, Timothy H. Rowley, Luis G. Ruiz, Derrick Russell, Ronald Scranton, Jonah Seymour, Laurel Shor, Geri Skipper, c/o E.C. Skipper, Anne C. Slade, Jackie Thomas, Laura (Thorn) Gulisano, Rosalind L. Visuri, Wajeeha Wahdan, Adorrieanett Wallace, Willis O. Ward, Brenda Warren, Daryl E. Whalen, Vicki Whalen, Thomas White, Donald Winter, George A. Wojtowycz, Terrence Butler, Randy Phillips, and Richard Iveys.  Robinson Marin shall also be included in the term "Settling Plaintiff."

1.2.    Defendants are George A. Mango, individually and as Executive Director, Consolidated Industries of Greater Syracuse, Inc.; Brian D. Moore, individually and as Chief Fiscal Officer, Consolidated Industries of Greater Syracuse, Inc.; Joseph Bombard, Chairman, Board of Directors, Consolidated Industries of Greater Syracuse, Inc.; Board of Directors of Consolidated Industries of Greater Syracuse, Inc.; Consolidated Industries of Greater Syracuse, Inc.; John Doe, Sue Smith, Joseph Bombard, Peter McShane, Charles Chappell, III, Elaine Stepanian, Joanne Tills, Ronald Walter, Jan R. Farr, Esq., Michael Brigandi, Penny Brissenden, Charles Chappell, Jr., Paul DuFlo, Alfred Fusco, Allen E. Galson, Michele Jones-Galvin, Winfred Jones, Thomas Lazzaro, Ph.D., Thomas Letham, David McKeon, Joseph McMahon, H. Gillis Murray, Clyde Ohl, Fernando Ortiz, Joanne Reddick, James Rentos, Joseph Strodel, Jr., Gregory Thornton, Esq., Karen Uplinger, Esq., Joseph Vargo, and Martha Wheaton.

1.3.    Judgment Creditors are all individuals other than Settling Plaintiffs on whose behalf the Attorney General entered Judgment against Consolidated on November 20, 2001, for the failure of the Corporation to pay wages.  They are:  Carla Anderson, Rosia Davis, Kimberly Harvey, Nate Jefferson, Willie Knight, Christina Lane, George Mango, Brian Moore, Lawrence Phoenix, John A. Plumley, Jay Yaffie, James Abell, Robert Abrams, Ramadan Ademi, Rosanne Albanese, Renee Allen, Regina Anderson, Robert P. Balduzzi, Brenda Bennett, Jack Berg, Kimberly Berresford, David Berry, Emmett Bidwell, Mike Billingsly, Alice Blount, John Bohne, Bernestine B. Chemotti, Johnny Bush, Lance Carter, Stephen Castleman, Jessica Clark, Clifford Collins, Alan Cook, Timothy Coomey, Paul Coreia, George Corriders, Charles Corso, Robert Cranney, William H. Craver, Mary Alice Crawley, Gabriel Cruz, Joyce Curtis, Mary Beth Cusano, Joseph Davis, John Daye, Gloria Demello, Velma Dennis, John Dick, Gary Doane, James Dowling, Dallas Edwards, Donna Ellithorpe, Jeremiah Enoch, Richard Enriquez, Earl Fairweather, Daniel Fancett, Maria C. Fanning, John Feola, Karen Ferri, Robert P. Fisher, Jean Fiss, Timothy Flavin, Roger Fletcher, Richard G. Fralick, Ron Frederick, Willie Freelon, Johnnie Mae Freeman, Richard R. Gates, Patrick P. Giarrusso, Linda Gillette, George Gorman, Clara Grau, Kevin Green, Elizabeth Griffin, Kevin Hamilton, Arthur Harris, Sharon Hayes, Melvin Haynes, Betty Holihan, Regina Holmes, Bryan Honold, Joanne Hunt, Raymond Inman, Joseph Irving, Christopher Jennings, Paul Johanson, John M. Johnson, Veronica Jones, Jerome Keator, Luella Kelly, Mina Kenny, Alan King, Nancy Kotowicz, David Krantz, Christina LaFave, Earl A. Leahey, Brian Lombardo, Lashawn Mallard, Charles McBride, Robert McCall, John

McMahon, David McNamara, Thomas McNeil, George Mika, Joanne Millard, Jane Mills, Robert Mitten, Shirley Monette, Daryl Neave, Ruth Nolan, Mark Oakes, Anthony Parks, Dominc Petrera, Sherry Pflug, Joseph Ponto, Jamie Prosser, Paul Prugger, Marlene Purdy, Duane Ray, Gail Razey, Nicole Reed, Gregory Reitz, Frederick Rhinehardt, Kathryne Rice, Calvin Ricks, Robert Roane, Raymond Rood, Michael Rowe, Richard P. Sacco, Leigh Safford, Sylvia G. Sanderson, Lawrence Satterly, Linda Sawyer, Thomas Schermett, John Schibeci, Gregory Smith, Charlene Snow, Dorothy Sobles, Linda Solberg, Patricia A. Stapleton, Bernitha Starling, Christopher Stevenson, Kenneth Teachhout, Duane Tillinghast, Joyce Torrence, Bernita Triche, David Turnball, William Turner, Yvonne Vega, John Wadsworth, Abraham Washington, Charles Welty, Phillip Whittico, Ginger Wright, Michael Yerian, Robert Young, Anthony Zdobylak, Sharon Zimmer, Dorothy Zografos, and Dorothy Zurawski.

1.4. Attorney General means the Attorney General of the State of New York.

1.5. Settling Plaintiffs' counsel means D. Jeffrey Gosch, Esq.

1.6. Effective date means the date on which all of the conditions set out in Section 2.1 of this Settlement Agreement and Release have been satisfied.

1.7. Agreement shall mean the Settlement Agreement and Release.

1.8. Settling Parties are the Settling Plaintiffs, Defendants, and the Attorney General.

## II. TERMS OF THE AGREEMENT

2.1.    This Agreement is subject to and will not become effective without the approval of all of the Settling Parties (or, in the absence of their approval, an Order by the Court dismissing with prejudice the claim of any Settling Party who does not approve of this Agreement and who does not execute a General Release as provided for in Section 2.7); the execution by Defendants of a claims release satisfactory to Federal Insurance; and the approval of the Court of this Agreement and an Order dismissing with prejudice the claims of all Settling Plaintiffs.

2.2.    This Agreement is subject to approval of the United States District Court for the Northern District of New York.  The Settling Parties agree to recommend approval of this Agreement to the Court and to undertake their best efforts, including all steps and efforts contemplated by this Agreement, and any other steps or efforts which may be required by an Order of the Court (unless such Order modifies the terms of this Agreement without the consent of the Settling Parties) to carry out this Agreement.

2.3.    The undersigned counsel represent that they are fully authorized to enter into the terms and conditions of, and to execute this Agreement, on behalf of their respective clients.

2.4.    Within thirty (30) business days of the effective date of this Agreement, Defendant Consolidated will cause to be paid the following amounts to the following individuals:

(a)    To the Settling Plaintiffs the amounts set forth on Schedule A, which is attached hereto and made a part hereof.  To the extent that any such amounts reflect

unpaid wages, appropriate deductions for state and federal income tax withholding, FUTA, and the employee's share of FICA, shall be made and paid over to the appropriate taxing authorities.   Defendant Consolidated will cause to be issued to each Settling Plaintiff a Form W2 for calendar year 2002 reflecting the payment of unpaid wages pursuant to this Agreement.  To the extent that W2 Forms for 2001 are available from either defendant Consolidated or from Settling Plaintiffs and W3 Forms for 2001 are available from Consolidated, defendant Consolidated will cause to be issued, if appropriate, a revised Form W2 for calendar year 2001 reflecting the fact that wages, though tendered by Consolidated, were not paid because checks issued to some Settling Plaintiffs were dishonored when presented for payment.  To the extent that such amounts paid pursuant to this Section 2.4(a) reflect payment for claims, other than unpaid wages, Consolidated will cause to be issued to each Settling Plaintiff, if appropriate, a Form 1099 for calendar year 2002.

     (b)    To the Judgment Creditors, the amounts reflected on Schedule B, which is attached hereto and made a part hereof.  To the extent that said amounts reflect unpaid wages, appropriate deductions for state and federal income tax withholdings, FUTA, and the employee's share of FICA, shall be made and shall be paid over to the appropriate taxing authorities.  Defendant Consolidated will cause to be issued to each Judgment Creditor a Form W2 for calendar year 2002 reflecting the payment of unpaid wages pursuant to this Agreement.  To the extent that W2 Forms for 2001 are available from either defendant Consolidated or from Judgment Creditors and W3 Forms for 2001 are available from Consolidated, defendant Consolidated will cause to be issued, if

- 9 –

appropriate, a revised Form W2 for calendar year 2001 reflecting the fact that wages, though tendered by Consolidated, were not paid because checks issued to some Judgment Creditors were dishonored when presented for payment.

    (c)    To Settling Plaintiffs' counsel, (i) twenty-five percent (25%) of the gross amount paid pursuant to Section 2.4.(a) above; (ii) $50.00 per Settling Plaintiff (94 x $50 = $4,700) in full satisfaction of all claims for attorneys fees, costs and penalties; and (iii) $2,500 to cover the cost of the opinion of Blitman & King pertaining to the obligation of the Pension Benefit Guaranty Corporation to pay pension benefits to Settling Plaintiffs.  Consolidated will cause to be issued to Settling Plaintiffs' counsel a Form 1099 reflecting payments made pursuant to Section 2.4(c).

    2.5.    In no event shall the total amount paid by or on behalf of Defendants under Section 2.4. (a), (b), and (c) exceed $500,000.00.

    2.6.    The checks shall be mailed to the last known address of Settling Plaintiff and Judgment Creditors.  The Attorney General and Settling Plaintiffs' counsel shall be notified of the names of those recipients, if any, whose checks are returned as being non-deliverable so that they can attempt to ascertain more current addresses.  Any checks issued pursuant to Section 2.4 which are not cashed within 180 days of their mailing, shall be null and void and the amount of money reflected thereon shall be returned to Federal Insurance Company.

    2.7.    Each Settling Plaintiff will execute a General Release in the form attached hereto as Exhibit A.

R650313.2

2.8.    The Attorney General as assignee of the Judgment Creditors will execute a
General Release in the form attached hereto as Exhibit B.

2.9.    The Attorney General agrees to waive all interests and penalties reflected
on the Judgment entered on November 21, 2001 in Onondaga County.

2.10.   In exchange for the payment reflected in Section 2.4. (a), (b), and (c) above,
the Attorney General agrees to enter in the Office of the Clerk of Onondaga County a
Satisfaction of Judgment which fully satisfies and discharges the Judgment entered in
said office on November 20, 2001.

2.11.   Settling Plaintiffs warrant that they have not assigned, sold, subrogated,
transferred, or conveyed to anyone any actions, causes of action, claims or demands,
except for claims for wages reflected on the Judgment entered by the Attorney General in
Onondaga County on November 20, 2001, and they agree to defend entirely at their own
expense and to fully indemnify and forever hold harmless Defendants from any and all
actions, causes of action, claims or demands that may be brought against them by anyone
to whom Settling Plaintiffs have assigned, sold, subrogated, or transferred or conveyed
any such actions, causes of action, claims or demands, including, but not limited to,
claims for attorneys' fees, costs or disbursements in connection with the legal
representation of Settling Plaintiffs in their suit against Defendants.  To the extent that
Settling Plaintiffs' counsel has failed to obtain authority to enter into this Agreement
from any Settling Plaintiff or has not obtained from any Settling Plaintiff a fully executed
Release as provided for in Section 2.7, the remaining Settling Plaintiffs agree to seek
from the Court an Order dismissing the claims of said Settling Plaintiffs with prejudice.

Case 5:02-cv-00273-NAM-GS   Document 15   Filed 12/23/02   Page 16 of 26.

- 11 -

2.12.   Settling Plaintiffs' counsel will execute on behalf of Settling Plaintiffs a Stipulation of Discontinuance with Prejudice of the above-captioned action, a copy of which is attached hereto as Exhibit C.

2.13.   It is understood that this Agreement expresses the full and complete settlement of any claim or other matter released and discharged pursuant to the Agreement.  Neither the execution or acceptance of the Agreement, nor the payment of any sums hereunder, constitutes in any manner, or is to be presumed, construed, or deemed to be an admission of liability, fault, wrongdoing, or misconduct of any kind by Defendants, and may not be used as evidence for any purpose in any litigation, except litigation to enforce its terms.  By entering into this Agreement, Defendants do not admit that they have violated any provision of ERISA, or any other law or statute, and they expressly deny the same.

2.14.   The United States District Court for the Northern District of New York shall retain jurisdiction over this matter for the purpose of enforcing this Agreement. Each of the Settling Parties agrees to and submits to the jurisdiction of the United States District Court for the Northern District of New York, and further agrees that any action or proceeding to enforce this Agreement shall be brought in and adjudicated by the United States District Court for the Northern District of New York.

2.15.   Each of the Settling Plaintiffs represents and warrants that (i) he or she has received legal advice in this matter and is entering into this Agreement freely and voluntarily upon his or her own judgment, belief and knowledge, and (ii) except as expressly set forth herein, he or she does not rely, and has not relied, upon any

- 12 –

representation, warranty, omission, promise, or statement made by any third party with respect to this matter.

2.16.   This Agreement has been drafted and reviewed jointly by counsel for Settling Parties and no presumption of construction as to the drafting of this Agreement shall be applied against or in favor of the Settling Parties.

2.17.   If any provision of this Agreement (or the exhibits hereto) is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement; provided, however, that upon any finding by a Court of competent jurisdiction that the General Release (attached hereto as Exhibit A or B), executed by any Settling Party pursuant to this Agreement is illegal, void, or unenforceable, the Settling Party or Parties whose Agreement or Agreements is or are found to be void, shall promptly, upon the request of any Settling Defendant, execute a General Release that is legal and enforceable.

2.18.   This Agreement contains the entire agreement and understanding among and between the Settling Parties with respect to the subject matter hereof, and supercedes and replaces all prior understandings and agreements, both written and oral.

2.19.   This Agreement is binding upon and inures to the benefit of each of the Settling Parties and all of their respective predecessors, successors, heirs, executors, administrators, employees, officers, directors, successors, assigns, agents, trustees, fiduciaries, insurers, and legal representatives.

2.20.  This Agreement may not be modified, amended, supplemented or canceled, except by written agreement signed by each of the Settling Parties.

2.21.  This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: _Cleveland 14_, 2002      **D. JEFFREY GOSCH, ESQ.**
*Counsel for Settling Plaintiffs*

By: _____


Dated: _____, 2002      **HANCOCK ESTABROOK LLP**
*Counsel for Settling Defendants, except*
*  George Mango and Brian Moore*

By: _____
       **ALAN J. PIERCE**


Dated: _____, 2002      **DANIEL FRENCH, ESQ.**
*Counsel for Settling Defendant,*
*  George A. Mango*

By: _____


Dated: _____, 2002      **MICHAEL J. VAVONESE, ESQ.**
*Counsel for Settling Defendant,*
*  Brian D. Moore*

*By:* _____

- 13 -

2.20.  This Agreement may not be modified, amended, supplemented or canceled, except by written agreement signed by each of the Settling Parties.

2.21.  This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: _____, 2002

**D. JEFFREY GOSCH, ESQ.**
*Counsel for Settling Plaintiffs*


By: _____


Dated: _December 17_, 2002

**HANCOCK ESTABROOK LLP**
*Counsel for Settling Defendants, except*
*George Mango and Brian Moore*

By: _____
**ALAN J. PIERCE**


Dated: _____, 2002

**DANIEL FRENCH, ESQ.**
*Counsel for Settling Defendant,*
*George A. Mango*


By: _____


Dated: _____, 2002

**MICHAEL J. VAVONESE, ESQ.**
*Counsel for Settling Defendant,*
*Brian D. Moore*


*By:* _____

R650313.2

- 13 –

2.20.   This Agreement may not be modified, amended, supplemented or canceled, except by written agreement signed by each of the Settling Parties.

2.21.   This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: _____, 2002

**D. JEFFREY GOSCH, ESQ.**
*Counsel for Settling Plaintiffs*

By: _____

Dated: _____, 2002

**HANCOCK ESTABROOK LLP**
*Counsel for Settling Defendants, except*
*George Mango and Brian Moore*

By: _____
     **ALAN J. PIERCE**

Dated: 12/19, 2002

**DANIEL FRENCH, ESQ.**
*Counsel for Settling Defendant,*
*George A. Mango*

By: _____

Dated: _____, 2002

**MICHAEL J. VAVONESE, ESQ.**
*Counsel for Settling Defendant,*
*Brian D. Moore*

By: _____

R650313.2

- 13 -

2.20.   This Agreement may not be modified, amended, supplemented or canceled, except by written agreement signed by each of the Settling Parties.

2.21.   This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: _____, 2002    **D. JEFFREY GOSCH, ESQ.**
                                   *Counsel for Settling Plaintiffs*


                                   By: _____


Dated: _____, 2002    **HANCOCK ESTABROOK LLP**
                                   *Counsel for Settling Defendants, except*
                                   *George Mango and Brian Moore*


                                   By: _____
                                          ALAN J. PIERCE


Dated: _____, 2002    **DANIEL FRENCH, ESQ.**
                                   *Counsel for Settling Defendant,*
                                   *George A. Mango*


                                   By: _____


Dated: __12/19__, 2002            **MICHAEL J. VAVONESE, ESQ.**
                                   *Counsel for Settling Defendant,*
                                   *Brian D. Moore*


                                   By: _____

- 14 -

Dated: _December 13_ , 2002

ATTORNEY GENERAL FOR THE
STATE OF NEW YORK

By: _____

Richard Balletta, Assistant Attorney General

## EXHIBIT A

## GENERAL RELEASE

For and in consideration of the promises and other valuable consideration paid to

_____, or on behalf of _____, pursuant to

the Agreement of _____, 2002, the receipt of which is hereby acknowledged,

_____ for (his) or (her) heirs, executors, administrators, and successors

and assigns (collectively, "Releasors"), hereby releases and discharges George A. Mango,

individually and as Executive Director, Consolidated Industries of Greater Syracuse, Inc.;

Brian D. Moore, individually and as Chief Fiscal Officer, Consolidated Industries of

Greater Syracuse, Inc.; Joseph Bombard, Chairman, Board of Directors, Consolidated

Industries of Greater Syracuse, Inc.; Board of Directors of Consolidated Industries of

Greater Syracuse, Inc.; Consolidated Industries of Greater Syracuse, Inc.; John Doe, Sue

Smith, Joseph Bombard, Peter McShane, Charles Chappell, III, Elaine Stepanian, Joanne

Tills, Ronald Walter, Jan R. Farr, Esq., Michael Brigandi, Penny Brissenden, Charles

Chappell, Jr., Paul DuFlo, Alfred Fusco, Allen E. Galson, Michele Jones-Galvin, Winfred

Jones, Thomas Lazzaro, Ph.D., Thomas Letham, David McKeon, Joseph McMahon,

H. Gillis Murray, Clyde Ohl, Fernando Ortiz, Joanne Reddick, James Rentos, Joseph

Strodel, Jr., Gregory Thornton, Esq., Karen Uplinger, Esq., Joseph Vargo, and Martha

Wheaton, their successors, assigns, agents, insurers, and attorneys (collectively, "the

Releasees"), from any and all claims, demands, causes of action, fees and liabilities of

any kind whatsoever, whether known or unknown, which the Releasors ever had, now

have, or may hereafter have, against the Releasees, by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or any other matter, up to and including the date of the execution of this Agreement.

Without limiting the generality of the above paragraph or characterizing the nature of Releasor's claims, this instrument releases the Releasees from any and all claims, which were or could have been asserted in the case of *Payne, et al. v. Mango, et al., No. 5:02-CV-273*; claims for attorneys fees, interest or penalties; claims for damages or injury or any type whatever (whether arising by virtue of statute or common law, and whether based upon negligent or willful actions or omissions); or claims for costs and disbursements which the Releasors ever had, now have, or hereafter can, shall, or may have against the Releasees.

**Dated: _____, 2002**                    _____

STATE OF _____   )
                                        : SS.:
COUNTY OF _____   )

On the _____ day of _____, 2002 personally appeared _____ to me, the undersigned, personally appeared _____, to me known or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she/he executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                        _____
                                                Notary Public

R572463.1

## EXHIBIT B

## GENERAL RELEASE

For and in consideration of the promises and other valuable consideration paid to

The Attorney General of the State of New York, as assignee of the wage claims of the

Judgment Creditors, pursuant to the Agreement of _December_ , 2002, the receipt of

which is hereby acknowledged, The Attorney General of the State of New York for his

assignors or their heirs, executors, administrators, successors and assigns (collectively,

"Releasors"), hereby releases and discharges, Consolidated Industries of Syracuse, Inc.,

its successors, assigns, agents, employees, directors, insurers, and attorneys (collectively,

"the Releasees"), from any and all claims, demands, causes of action, fees and liabilities

of any kind whatsoever, whether known or unknown, which the Releasors ever had, now

have, or may hereafter have, against the Releasees, by reason of any actual or alleged act,

omission, transaction, practice, conduct, occurrence, or any other matter, up to and

including the date of the execution of this Agreement, relating to the payment of wages.

ATTORNEY GENERAL OF THE
STATE OF NEW YORK

Dated: _December 13_ , 2002                    By:_____

R577075.1

# PAYNE, ET AL. V. CONSOLIDATED INDUSTRIES

## SCHEDULE A

| Name | Wages Owed | Accrued Leave | Total Wages & Leave | Misc. Other | Misc. Medical | Subtotal | Interest (18%)* | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Abbatiello, James V. | 1,297.25 | | 1,297.25 | 130.00 | | 1,427.25 | 256.91 | 1,684.16 |
| Allen, Roshanda | 1,486.40 | 634.04 | 2,120.44 | 45.00 | | 2,165.44 | 389.78 | 2,555.22 |
| Ager, Vonda | 1,709.39 | 741.92 | 2,451.31 | | | 2,451.31 | 441.24 | 2,892.55 |
| Banuski, Lisa Barnett | 3,421.52 | 1,450.87 | 4,872.39 | 130.00 | | 5,002.39 | 900.43 | 5,902.82 |
| Banuski, Theresa | 1,412.50 | 765.00 | 2,177.50 | 10.00 | | 2,187.50 | 393.75 | 2,581.25 |
| Banuski, William | 2,439.14 | 1,256.43 | 3,695.57 | 10.00 | | 3,705.57 | 667.00 | 4,372.57 |
| Barnello, Robert L., Jr. | 3,548.48 | 1,624.94 | 5,173.42 | 10.00 | | 5,183.42 | 933.02 | 6,116.44 |
| Bojarski, Debra | 5,943.00 | 960.93 | 6,903.93 | | | 6,903.93 | 1,242.71 | 8,146.64 |
| Borland, Penny | 1,628.00 | 858.37 | 2,486.37 | | | 2,486.37 | 447.55 | 2,933.92 |
| Bristol, Kathy Ann | 2,957.05 | 1,966.80 | 4,923.85 | 10.00 | 294.00 | 4,933.85 | 888.09 | 6,116.74 |
| Butler, Terrence | 817.15 | 934.26 | 1,751.41 | | | 1,751.41 | 315.25 | 2,066.66 |
| Cain, James Arthur | 3,218.00 | 1,696.88 | 4,915.68 | 10.00 | | 4,925.68 | 886.62 | 5,812.30 |
| Caldwell, Mary C. | 1,823.47 | 789.57 | 2,613.04 | 60.00 | | 2,673.04 | 481.15 | 3,154.19 |
| Canavan, Ryan | 1,755.76 | 325.95 | 2,081.71 | 17.36 | | 2,099.07 | 377.83 | 2,476.90 |
| Chrisjohn, Marion | 1,106.64 | 664.98 | 1,771.62 | | | 1,771.62 | 318.89 | 2,090.51 |
| Corregan, Susan L. | 2,328.10 | 1,368.16 | 3,696.26 | | | 3,696.26 | 665.33 | 4,361.59 |
| Croffut, Michael | 1,722.82 | 64.50 | 1,787.32 | | | 1,787.32 | 321.72 | 2,109.04 |
| Cruz, Gloria | 969.50 | | 969.50 | | | 969.50 | 174.51 | 1,144.01 |
| Cuffee, Dale, Sr., | 1,041.25 | | 1,041.25 | | | 1,041.25 | 187.43 | 1,228.68 |
| Davis, Bobbie | 994.00 | | 994.00 | | | 994.00 | 178.92 | 1,172.92 |
| DeDouff-Brassard, Shirley | 1,564.00 | 433.50 | 1,997.50 | | | 1,997.50 | 359.55 | 2,357.05 |
| Donath, Patti | 1,391.87 | 1,534.68 | 2,926.55 | 50.22 | | 2,976.77 | 535.82 | 3,512.59 |
| Ellison, Racina M. | 2,287.50 | 608.10 | 2,895.60 | 10.00 | | 2,905.60 | 523.01 | 3,428.61 |

R639565.1